UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0489 FWS (PVC)                                         Date:  March 29, 2023

Title          Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY**

On March 10, 2023, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254.  ("Petition," Dkt. No. 1 at 8).[1]  The Petition appears to raise five grounds for federal habeas relief: (1) ineffective assistance of counsel; (2) unconstitutional punishments; (3) insufficient evidence of sexual abuse; (4) failure to instruct on burden of proof; and (5) expired statute of limitations.  (*Id.* at 19–20).  However, it appears that Petitioner's claims are subject to dismissal because they are untimely.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was March 10, 2023.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0489 FWS (PVC)                                        Date:  March 29, 2023

Title      Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

**Timeliness**

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

    Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

    A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0489 FWS (PVC)                                    Date:  March 29, 2023

Title        Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

final with "the conclusion of direct review or the expiration of the time for seeking such review." *Id*.  On April 16, 2004,[2] an Orange County Superior Court jury, in case no. 03CF2458, found Petitioner guilty of "various types of child molestation against three children." *People v. Eltawil*, No. G034153, 2006 WL 14401, at *1 (Cal. Ct. App. Jan. 3, 2006) (unpublished opinion); (*see* Pet. at 2).  He was also found guilty of burglary, possession of child pornography, and cultivating marijuana. *Eltawil*, 2006 WL 14401, at *1.  The trial court sentenced Petitioner under the One Strike law to a total term of 238 years to life in prison.  *Id.*  The California Court of Appeal affirmed Petitioner's conviction on January 3, 2006.  *Id.*  The California Supreme Court then denied his petition for review on March 29, 2006.  *See* California Appellate Court Case Information, case no. S140901.[3]  On December 4, 2006, the U.S. Supreme Court denied his petition for writ of certiorari.  *Eltawil v. California*, 549 U.S. 1080 (2006).  Accordingly, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **December 5, 2007.**  The instant Petition was not filed until March 10, 2023.  Therefore, absent tolling, it is untimely by *over 15 years*.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  According to the Petition, on June 22, 2021, Petitioner filed a habeas petition in Orange County Superior Court, which was denied on July 14, 2021.  (Pet. at 3–4).  Petitioner also filed a habeas petition in the California Court

---

[2] Although the Petition notes the date of conviction as 2003, an order from an Orange County Superior Court Judge and a newspaper article attached to the Petition indicate that Petitioner was convicted on April 16, 2004.  (*See* Pet. at 2, 63, 49).

[3] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm> ("Cal. Case Info."). *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0489 FWS (PVC)                                Date:  March 29, 2023

Title   Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

of Appeal, which was denied on December 29, 2021, and a habeas petition in the California Supreme Court, which was denied on February 15, 2023.  (*Id.* at 2–3). **However, a state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.**  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823). Accordingly, it appears that the filing of the June 2021 habeas petition in the Orange County Superior Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as any habeas petition filed in any state court *prior to the limitations period expiring on December 5, 2007*.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0489 FWS (PVC)                                        Date:  March 29, 2023

Title   Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).  "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); *accord Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

   The Petition does not expressly seek equitable tolling or disclose any basis for such.  Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling").  If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after the U.S. Supreme Court denied his writ of certiorari in December 2006 but was prevented from doing so by circumstances beyond his control.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

### Conclusion and Order

   For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **30 days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    SACV 23-0489 FWS (PVC)                               Date:  March 29, 2023

Title        Sharif Azmi Eltawil v. Bryan D. Phillips, Acting Warden

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.  *See* Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |